Mettetal *v.* Stane.

4-9125 227 S. W. 2d 636

Opinion delivered March 13, 1950.

*J. G. Moore,* for appellant.

*E. R. Parham,* for appellee.

George Rose Smith, J.   This is a continuation of a suit brought in 1942 by the appellees, H. C. and Anna Stane, to enjoin the appellants, J. E. and Mary Mettetal, from interfering with the Stanes' use of a road that crosses the Mettetals' land.  When the case was tried in 1942 the chancellor issued a permanent injunction protecting the appellees' right to use the road.  A few years later the appellants filed a motion to vacate the decree, alleging that the county had offered to construct an alternate route for the appellees.  The Stanes at first resisted this motion on the ground that the court could not modify its decree after the lapse of the term, but on the

first appeal we rejected that contention. 213 Ark. 404, 210 S. W. 2d 804.

The issues raised by the motion to vacate the decree were then tried on the merits. The proof shows that contiguous tracts in Perry County are owned by H. C. Stane and Mary Mettetal, who are brother and sister. Their parents were John and Demmie Stane. H. C. Stane's tract was formerly owned by Demmie Stane, while Mrs. Mettetal derives her title from her father, John Stane. The road in question has been used by the occupants of the H. C. Stane farm for many years. In about 1934 the Mettetals installed a gate at the point where the road enters their land. Nevertheless the Stanes continued to use the road until 1942, when the appellants locked the gate. This suit was then brought, and after the first trial in 1942 the chancellor restrained the obstruction to the appellees' passage across the appellants' property. At the second hearing, on the motion to vacate, the appellants introduced proof to show that the county is now willing to provide the appellees with another road giving access to the main highway. The chancellor refused to vacate the injunction.

The decisive question is whether the appellees' right to use the road in controversy is an easement of necessity. If so, it is familiar law that the easement terminates with the cessation of the necessity that brought it into being. Tiffany on Real Property, 3rd Ed., § 819. The issue would then be whether the county's offer of a new route has eliminated the appellees' need for the old road. But if the easement did not arise from necessity the appellees' position is materially different. In the latter case the easement is a vested property right that the appellees are entitled to assert by virtue of their ownership of the dominant estate, and it makes no difference that an equally satisfactory way may have been tendered by the county.

The chancellor correctly held that the easement did not spring from necessity. An easement of necessity can be raised only out of land granted or reserved by the grantor, not out of land owned by a stranger. *Boullioun*

v. *Constantine,* 186 Ark. 625, 54 S. W. 2d 986. In this case the Stanes and the Mettetals acquired their titles from different sources; the essential element of prior common ownership is lacking. Further, the proof does not show how this road originally came into existence. It had been used for at least twenty years before the appellants decided to lock the gate in 1942. This use created an easement by prescription. The appellants contend that the installation of the gate interrupted the prescriptive period, but that issue was concluded by the 1942 decree. That decree enjoined the appellants' interference with the easement and necessarily involved a finding that the easement still existed.

It is argued that the 1942 decree is also conclusive as to all matters that existed before its entry and that therefore we should not examine the earlier history of the road to determine its character. This argument would be sound if the decree had adjudicated the nature of the easement, but in that respect the decree is silent. We see no objection to re-examining the facts that led to the decree in order to determine what kind of easement it protected. Not only the facts but also the original pleadings confirm the conclusion that the road was not established as a matter of necessity. That being true, the appellees own an appurtenant easement that they may use regardless of the substitute road proposed by the county.

Affirmed.