G. L. ARMSTRONG *v.* E. L. COOK

5-4309                                         419 S. W. 2d 308

Opinion delivered October 16, 1967

*J. H. Spears,* for appellant.

*Giles Dearing,* for appellee.

LYLE BROWN, Justice. This action originated when appellant Armstrong filed petition in the Cross County Court under the provisions of Ark. Stat. Ann. § 76-110 (Repl. 1957); there he sought to establish a private road which would lead from the county road across appellee Cook's lands and to the Armstrong property. The county court granted the petition. On appeal to circuit court by Cook, the findings of the county court were vacated. Those findings were based on omissions which we shall later describe. It is appellant Armstrong's contention that the county court's order which awarded him an outlet to the county road was justified.

Appellant Armstrong and appellee Cook own adjoining farm lands. A public road runs through the Cook lands. Armstrong has no immediate access to a public road. For a number of years he has gained access to his acreage by crossing, with permission, the woodlands of his neighbor. The woodlands were cleared and planted in an orchard and Cook no longer desired to make passageway available.

The county court failed to follow the statutory requirements in a number of respects, all of which will not be enumerated. We do point out that the written report of the appraisers does not sufficiently describe the land through which the road would pass; nor does it

calculate the value of the strip of land which would be appropriated for the road. No survey was incorporated in the commissioners' report.

Here is the only instrument of the commissioners:

"We, the undersigned Commissioners, appointed to view the lands in Section 31, Township 7 North, Range 4 East, in Cross County, Arkansas, to determine the feasibility of laying off a private road to reach the lands belonging to G. L. Armstrong, do make this report.

"We find that G. L. Armstrong needs a road to his property. We also find that there is no other feasible route except an old road now in existence.

"We recommend that a 20 foot road be built at the same location where the old road is now. There will be no damage to the Cook Farm in the construction of this road."

The order entered by the county court adopted the same description as is contained in the commissioners' report. If that report, along with the order of the county court, were recorded, it is apparent that the description is so vague that the road could not be located from an examination of the records. It is also noted that the county court order makes no finding with respect to damages. Section 76-110 requires a finding as to whether damages are sustained, "which damages shall include the value of the land of each owner sought to be appropriated."

The recited omissions were sufficient to invalidate the county court proceedings. However, the circuit court erred in granting Cook's prayer for dismissal. That court should have retained jurisdiction and tried the case de novo. Ark. Stat. Ann. § 27-2006—7 (Repl. 1962). See *Garland County Board of Election Commissioners* v. *Ennis,* 227 Ark. 880, 302 S. W. 2d 76 (1957).

Reversed and remanded.