**Richard D. BAILEY, Appellant,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Appellee.**

**No. 86–5434.**

United States Court of Appeals, Eighth Circuit.

Submitted May 5, 1987.

Decided Aug. 28, 1987.

James D. Leach, Rapid City, S.D., for appellant.

Jeffrey C. Blair, Denver, Colo., for appellee.

Before ARNOLD and JOHN R. GIBSON, Circuit Judges, and WRIGHT,* Senior Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Richard Bailey appeals from a district court order denying his motion for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C.A. § 2412 (West Supp. 1987). We conclude that the Secretary's position that Bailey was able to engage in substantial gainful activity was not "substantially justified" and, accordingly, we reverse.

In June 1979, Bailey suffered an aneurysm of the anterior communicating artery in his brain. Doctors performed brain surgery and clipped the artery. Bailey's employer, the United States Coast Guard, subsequently declared Bailey completely disabled. He has never returned to that employment, nor has he acquired any other substantial gainful employment.

In August 1981, the Secretary found that Bailey suffered from a continuing disability, which commenced June 10, 1979. This decision was reversed, however, on September 8, 1982 and Bailey's disability benefits were terminated in November 1982. An Administrative Law Judge (ALJ) reviewed this decision in a June 8, 1983 hearing and, on September 9, 1983, held that Bailey's disability ceased in September 1982.

After being denied review by the Appeals Council, Bailey filed an action in the district court. While the action was pending, Congress passed the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, 98 Stat. 1794 (1984), which required the district court to remand the case to the Secretary. Twenty months later, on July 28, 1986, the Secretary sent Bailey a letter stating, "We recently reviewed the evidence in your social security disability claim and find that your disability is continuing."

Bailey then brought an action under EAJA for attorney fees, contending that the United States took a position against him that was not "substantially justified." See 28 U.S.C.A. § 2412(d)(1)(A). The district court ruled for the Secretary. This appeal followed.

In arguing that the Secretary's position was not substantially justified, Bailey focuses, as we will, on the June 8, 1983 hearing before the ALJ. The Secretary must prove that his position there was "clearly reasonable, well founded in law and fact, solid though not necessarily correct." *United States v. 1,378.65 Acres of Land,* 794 F.2d 1313, 1318 (8th Cir.1986) (footnote omitted). Reviewing the district court's judgment under an abuse of discretion standard, *e.g., Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986), we hold that the Secretary failed to sustain this burden for the following reasons.

The evidence before the ALJ consisted of twenty-two pieces of documentary evidence and Bailey's testimony. On September 9, 1983, after reviewing this evidence, the ALJ made the following findings:

1. The claimant was found to be disabled within the meaning of the Social Security Act beginning June 10, 1979, and he has not engaged in substantial gainful activity since that date.

2. The claimant's impairments were a[n] anterior communicating artery aneurysm, organic brain syndrome, status/post subarachnoid hemorrhage.

* The HONORABLE EUGENE A. WRIGHT, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation.

Since September 1982 the claimant has experienced bilateral maxillary sinusitis, orbital cellulitis, orbital abscess, and sinus drainage and orbital abscess drainage. The claimant has also experienced significant depression.

3. Allegations concerning the severity and persistence of the claimant's decreased ability to concentrate and remember since September 1982 are not fully convincing.

4. The medical evidence establishes that beginning September 1982 the claimant did not have any impairment or impairments which significantly limited his ability to perform basic work-related activities; therefore, beginning in that month he did not have a severe impairment (20 C.F.R. § 404.1521).

5. The claimant's disability ceased in September 1982 (20 C.F.R. § 404.1520(c)).

D.R. 19.

The Secretary contends that the conclusion that Bailey's mental condition enabled substantial gainful activity is substantially justified by three medical evaluations and Bailey's testimony that he was attending school. Appellee's brief at 16–17. These medical evaluations were the product of a reexamination of Bailey in August 1982 to see if he was fit for duty as an electronics technician with the Coast Guard. One evaluation concluded that Bailey was attempting to seriously exaggerate his impairments; in fact, he was of "fairly sound neuropsychological status." D.R. 224. The other two evaluations concluded that Bailey remained unfit for active duty. One stated that Bailey was unfit because "he continues to experience significant neuropsychological difficulties" and suffers from an "[o]rganic brain syndrome, rated mild, manifested by mildly impaired remote memory and mild immediate recall and short term memory deficits, with concreteness of thought processes." D.R. 217. The other concluded that the Coast Guard should "not return [Bailey] to active duty and [should] even consider him for permanent retirement at this time" based on the following diagnosis:

Dementia (DSM III 292.82) mild, secondary to cerebral vascular accident; manifested by psychomotor retardation and flattened affect, impaired concentration, memory, and intellectual abilities as reported by patient; * * * degree of impairment for further military duty; degree of impairment for social and industrial adaptability, definite.

D.R. 222.

As to his educational pursuits, Bailey stated that he had been enrolled in twelve credit hours of vocational classes in electronics, which necessitated at least three to four hours of daily study. Bailey also testified that he preferred to be alone, he suffered from memory problems, and he had feelings of hopelessness and depression.

This testimony was supported by other medical conclusions in evidence at the hearing, which the ALJ summarized as follows:

Progress notes from September 10, 1982 to November 24, 1982 from the mental hygiene clinic indicate that as of September 16, 1982, the claimant was "still experiencing feelings of inadequacy, and self depreciation, social withdrawal, loss of interest in pleasurable activities ..." and also had "recurrent thoughts of hopelessness and occasionally suicide." Medication and therapy had produced some improvement but Clark D. Wieland, M.D. thought that those symptoms were "still of sufficient severity to impair Mr. Bailey's ability to function in a competitive employment situation." Dr. Wieland felt that the claimant was "recovering from his depression slowly, but to experience failure in an employment situation would severely impair his recovery from his depression." (Exhibit B–15, p. 6) Much of the claimant's depression appeared to be related to early life experiences which he interpreted as parental rejection (Exhibit B–15, p. 5 and 2).

In a letter dated June 7, 1983, Captain William A. Burkhardt, Ph.D., stated that the claimant "would seem to suffer from a long term depressive disorder which has slowed his recovery from a cerebral

aneurysm. He demonstrates a pervasive low self esteem, tendency toward social isolation, hopelessness, difficulties in concentration, and occasionally suicidal ideations. Though he has made some significant progress in modifying dysfunctional thoughts and behaviors, he still has much work remaining." Captain Burkhardt thought that full employment by the claimant "would risk the loss of treatment gains made so far." He diagnosed the claimant's impairment as dysthymic disorder and recommended that the claimant continue individual treatment (Exhibit B–17).

\*　　\*　　\*　　\*　　\*　　\*

In a letter dated June 6, 1983, Vickey Finger, M.S.W. stated that the claimant had been in therapy with her since March 30, 1983. The claimant had been striving to develop self confidence and to better cope with his memory deficit. Ms. Finger concluded that those "issues would continue to cause problems in an actual job setting." (Exhibit B–19.)

D.R. 17.

The evidence presented in the hearing does not substantially justify the Secretary's position that Bailey was mentally fit for substantial gainful activity. The medical evidence overwhelmingly supported the conclusion that Bailey's mental condition left him with a continuing inability to engage in substantial gainful activity. First and foremost, the individuals who had been treating Bailey in 1983, William Burkhardt and Vickey Finger, both recommended, based on Bailey's psychological instability, that he not seek employment. *Cf. Turpin v. Bowen,* 813 F.2d 165, 170–71 (8th Cir. 1987) (treating physician's opinion is especially significant). Furthermore, Bailey's progress reports confirmed that Bailey was not mentally equipped to function in an employment situation. Also, while the two medical conclusions that Bailey was unfit for Coast Guard duty are not tantamount to a conclusion that he could not engage in substantial gainful activity, these two conclusions and the reports' diagnoses at least arguably support the conclusion that Bailey remained disabled. *Cf. Bloodsworth v.*

*Heckler,* 703 F.2d 1233, 1241 (11th Cir. 1983) ("The findings of disability by another agency, although not binding on the Secretary, are entitled to great weight."). More significantly, they do not support the Secretary's position that Bailey was no longer disabled. Finally, we think that Bailey's subjective complaints, which were substantially corroborated by medical evidence, further diminish the reasonableness of the Secretary's position. *Cf. Cole v. Harris,* 641 F.2d 613, 615 (8th Cir.1981); *Turpin v. Bowen,* 813 F.2d at 172 n. 8. Although Bailey was attending classes, and one consulting doctor concluded that Bailey was fit for employment, the mere existence of some evidence is insufficient to render the Secretary's position substantially justified. *See Cornella v. Schweiker,* 728 F.2d 978, 983 n. 9 (8th Cir.1984). This is especially true when this evidence is substantially outweighed by other evidence. *See Jackson v. Bowen,* 807 F.2d at 129 (citing *Cornella v. Schweiker,* 728 F.2d at 984; *Wheat v. Heckler,* 763 F.2d 1025, 1031 (8th Cir.1985); *Weakley v. Bowen,* 803 F.2d 575, 578–79 (10th Cir.1986)). In sum, the ALJ reached his decision by improperly relying on isolated aspects of the evidence before him, *see Cornella,* 728 F.2d at 984, and by substituting his judgment for that of several physicians, *see Dennis v. Heckler,* 756 F.2d 971, 976 (3d Cir.1985). The Secretary's position that Bailey was mentally fit for substantial gainful activity was not substantially justified.

The judgment of the district court is reversed.