Nancy POWELL *v.* James A. MILLER and Sue Ellen
Miller, Husband and Wife

CA 89-222                                        785 S.W.2d 37

Court of Appeals of Arkansas
Division I
Opinion delivered February 28, 1990

*Ball, Mourton & Adams, Ltd., A Professional Corporation,* by: *Stephen E. Adams,* for appellant.

*Wommack & Associates, P.A.,* by: *Kenneth L. Edwards, Jr.,* for appellees.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from Washington County Chancery Court. Appellant, Nancy Powell, appeals from the December 19, 1988, decree wherein the chancellor found that appellees, James A. Miller and Sue Ellen Miller, own their land free and clear of any easement right on the part of appellant. We reverse and remand.

On September 1, 1972, appellant and her now deceased husband, together with Tommy L. Goodwin and Alice F. Goodwin, appellees' predecessors in title, purchased, as tenants in common of an undivided one-half each, a 25-acre tract of land in Washington County, Arkansas. On that same day the two couples divided the tract into what was approximately a northern half and a southern half and, appellant taking the southern tract and the Goodwins taking the northern one, each couple conveyed in fee simple to the other their interest in the other's respective tract of land.

Prior to the purchase and division of the 25-acre tract by appellant and the Goodwins, a survey of the property was done which showed the claimed easements. No record of the survey was ever filed with Washington County, but an easement was reserved in a mortgage given to First National Bank Fayetteville by the Goodwins in 1975.

On August 11, 1986, appellees purchased the northern tract

of land from the Goodwins. The warranty deed from the Goodwins to appellees contained this language: "Subject to, and having ingress and egress rights to the following 30 foot road easement, having its center-line described as follows, to wit . . . ."

Appellees, on June 19, 1987, initiated this action by filing a Petition to Quiet Title and Confirm Title to the property claimed as an easement by the appellant. On July 31, 1987, appellant filed a counterclaim to quiet and confirm title to the claimed easement in her own name and, in the alternative, to be granted an easement by necessity. On January 13, 1988, appellant filed a motion for summary judgment. The chancellor denied the motion, finding that there existed a genuine issue of material fact as to whether appellees had notice of the easement when they bought the property. A trial was held on December 1, 1988. The chancellor in his decree found that appellees had notice of the easement from language which was included in their deed and also found in their title insurance, that appellant had used appellees' tract for access to her own tract but had not established a passage-way or any other evidence of a prescriptive easement; and that because of the absence of evidence of either adverse holding or consistent use, the "subject to" language in the documents did not give appellant an easement. The chancellor also denied appellant's claim to an easement by implication and specifically held the following:

> 6. That there is no "way of necessity" to be determined by this Court, in that jurisdiction over a way of necessity is solely for the County Court and the County Judge. Therefore, the Counterclaim for a way of necessity is likewise overruled.

Appellant raises the following three points for reversal:

## I.

THE TRIAL COURT ERRED IN NOT ENTERING JUDGMENT IN FAVOR OF THE APPELLANT BECAUSE THE ONE FACTUAL ISSUE HE FOUND TO BE IN DISPUTE IN THE MOTION FOR SUMMARY JUDGMENT, WAS WHETHER OR NOT THE APPELLEES HAD NOTICE OF THE EASEMENT, AND THIS ISSUE WAS

RESOLVED IN FAVOR OF THE APPELLANT AT THE TRIAL.

## II.

THE TRIAL COURT ERRED IN FINDING THAT EVEN THOUGH APPELLEES HAD NOTICE OF AN EASEMENT ACROSS THEIR PROPERTY AND THAT THE APPELLANT, NANCY POWELL, DID IN FACT USE THE TRACT OF LAND IN ORDER TO OBTAIN ENTRY TO HER OWN TRACT OF LAND, THE APPELLANT HAD FAILED TO ESTABLISH THAT ANY CONSISTENT PATH WAS FOLLOWED AND THEREFORE THERE WAS NO EASEMENT ESTABLISHED BY THE APPELLANT OVER THE PREMISES.

## III.

THE TRIAL COURT ERRED IN FINDING THAT THE CHANCERY COURT DID NOT HAVE JURISDICTION TO GRANT A WAY OF NECESSITY IN APPELLANT'S FAVOR.

We do not address appellant's first two points because we find merit in appellant's third point which requires reversal.

While the county court does have jurisdiction to create a way of necessity in the form of a public road, Arkansas Code Annotated Section 27-66-401 (1987), a landowner who is without legal access to his property and who once had a right of access or could have had a right of access via what was once part of his own land that now belongs to another, upon the showing of certain prerequisites, is entitled under common law as adopted in Arkansas to either an easement by necessity or an easement by implication. *Burdess* v. *United States*, 553 F. Supp. 646 (1982). Precedent establishes that determining a common law easement by necessity is a matter of equity within the jurisdiction of the chancery court. *See Kennedy* v. *Papp*, 294 Ark. 88, 741 S.W.2d 625 (1987); *Brandenburg* v. *Brooks*, 264 Ark. 939, 576 S.W.2d 196 (1979); *Mettetal* v. *Stane*, 216 Ark. 836, 227 S.W.2d 636 (1950); *Messer* v. *Houston*, 212 Ark. 349, 205 S.W.2d 467 (1947); *Boullioun* v. *Constantine*, 186 Ark. 625, 54 S.W.2d 986 (1932); *Arkansas Power and Light Co.* v. *Hilliard*, 185 Ark. 383, 47 S.W.2d 575 (1932); *Vassar* v. *Mitchell*, 169 Ark. 792, 276

S.W. 605 (1925).

■ Appellee asserts that jurisdiction to establish a way of necessity lies solely in the county court under Arkansas Code Annotated Section 27-66-401, and the chancellor is, therefore, correct in his ruling. Our constitution places jurisdiction of matters of equity in the courts of chancery, Ark. Const. art. 7, § 15. This jurisdiction cannot be enlarged or diminished by legislative action. *Patterson* v. *McKay*, 199 Ark. 140, 134 S.W.2d 543 (1939).

The statute on which appellee bases his argument provides for the situation where lands of any owner are so situated as to render it necessary to have a private road from such land to any public road over the lands of any other person and the other person refuses to allow that owner the private road. The statute states that it shall be the duty of the county court to appoint viewers to lay off the road, provided: the owner gives the required notice, petitions the court, shows necessity, shows that the person refuses to allow the road, and deposits with the clerk of the court sufficient money to pay certain costs and expenses. Regarding this statutory provision for obtaining a means of access to one's property, our supreme court in *Dowling* v. *Erickson*, 278 Ark. 142, 644 S.W.2d 264 (1983), stated, "An individual who is landlocked and proceeds under § 76-110 [now codified at Ark. Code Ann. § 27-66-401 (1987)] has no other alternatives available to him. If he were not granted access to his land under such a statute, he would have no remedy." This statute provides for any situation in which a landowner is landlocked. Before its enactment, those owners of landlocked property who could not establish entitlement to a common law easement were without means by which to gain access to their property.

■ Although a legislative body has the power to alter the common law, *Nietert* v. *Citizens Bank and Trust Company*, 263 Ark. 251, 565 S.W.2d 4 (1978), it is a principle of statutory construction that a statute will not be construed as overruling a principle of common law, "unless it is made plain by the act that such a change in the established law is intended." *White* v. *State*, 290 Ark. 130, 136, 717 S.W.2d 784, 787 (1986) (quoting *Starkey Constr., Inc.* v. *Elcon, Inc.*, 248 Ark. 958, 457 S.W.2d 509 (1970)). The language of the statute here does not indicate that it

was intended to overrule the common law remedy of granting a "way of necessity." Furthermore, it did not, as it could not, abrogate the jurisdiction conferred by our constitution to the chancery court to decide such matters of equity.

The prerequisites to the creation of an easement by necessity are: 1) the titles to the two tracts in question must have been held by one person; 2) the unity of title must have been severed by a conveyance of one of the tracts; 3) the easement must be necessary in order for the owner of the dominant tenement to use his land with the necessity existing both at the time of the severance of title and at the time of exercise of the easement. *Burdess*, 553 F. Supp. at 649-50. Although the chancellor here, believing jurisdiction to be in a different court, did not make a determination as to the proof of the prerequisites, our review of the record reveals that they were proved. We therefore reverse and remand for determination consistent with this opinion.

Reversed and remanded.

CRACRAFT and COOPER, JJ., agree.