United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-3659

_____

Jerry D. Patterson and                    *
Mary Lou Patterson,                        *
                                           *
                    Appellants,            *
                                           *
          v.                               *      Appeal from the United States
                                           *      District Court for the Western
Buffalo National River, A Part of          *      District of Arkansas.
the Department of the Interior,            *
An Agency of the United States of          *
America,                                   *
                                           *
                    Appellee.              *

_____

Submitted: April 16, 1998

Filed: May 18, 1998

_____

Before WOLLMAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

In 1939, the Jack Hall family acquired approximately 160 contiguous acres in northern Arkansas. The family divided that acreage and sold about half of it to the federal government in 1976. Ten years later, after the government specifically denied that the rest of the acreage had any easement rights across the federal land, the Hall family sold the rest of the acreage to Jerry and Mary Lou Patterson. In 1994, the

Pattersons sued the federal government under the Quiet Title Act, see 28 U.S.C. § 2409a, seeking a declaratory judgment that they owned an easement by implication or by necessity across the federal land.

The district court granted summary judgment to the government, holding that in the 1976 deed conveying approximately half of the original acreage from the Hall family to the government, there was specific language that released that acreage from any easement rights across it. The district court concluded that the Hall family (and, constructively, the Pattersons) thus had notice as of 1976 that the government asserted a right adverse to the rest of the acreage -- specifically, that the rest of the acreage had no easement rights across the federal land. The district court ruled, therefore, that the 12-year limitations period, see 28 U.S.C. § 2409a(g), began running in 1976 and expired in 1988, well before the Pattersons brought their suit. On a very closely related basis, the district court held in the alternative that even if the Hall family (and, constructively, the Pattersons) had no notice until 1986 that the government asserted a right adverse to the rest of the acreage, and thus that the Pattersons' suit could be considered timely, the 1976 deed had already conveyed away any easement rights across the federal land.

On appeal, we reversed. See Patterson v. Buffalo National River, 76 F.3d 221, 223, 227 (8th Cir. 1996). We held, first, that the language in the 1976 deed was ambiguous and that because the government did not actually deny until 1986 that the rest of the acreage had any easement rights across the federal land, there was no notice until then of a right adverse to the rest of the acreage. Id. at 224. We concluded, therefore, that the limitations period did not begin to run until then. Id. Accordingly, we ruled that the Pattersons' suit, brought in 1994, was timely. Id. at 223-24.

We also held that the release language in the 1976 deed did not refer to any easement rights claimed by the Pattersons. Id. at 224-25. Finally, we held that factual questions needed to be resolved before a determination could be made with respect to

whether the Pattersons had any easement rights at all across the federal land, id. at 225-26, and, if so, whether such easement rights were by implication or by necessity, id. at 226-27.

On remand, the district court held a bench trial and found that the Pattersons had proved that they were entitled to an easement by necessity across the federal land but not to an easement by implication across that land. See generally id. at 226 (under Arkansas law, both types of easements require a showing that the Pattersons needed access to the federal land and both would have been created, if at all, when the original acreage was divided into the federal land and what became the Pattersons' land; an easement by necessity, however, would have been created by the division of the original acreage, while an easement by implication would have been created by the Hall family's open use, before the division of the original acreage, of what became the federal land).

The Pattersons moved for an award of attorney's fees under the Equal Access to Justice Act, see 28 U.S.C. § 2412(b), but the district court denied the motion. In its order denying those fees, the district court held that the government's position had been "substantially justified," see 28 U.S.C. § 2412(d)(1)(A), and therefore that the Pattersons were not entitled to attorney's fees under the statute. The Pattersons appeal the order denying attorney's fees.

We review the district court's order for an abuse of discretion. See, e.g., Pierce v. Underwood, 487 U.S. 552, 559, 570-71 (1988); see also id. at 563 and Friends of the Boundary Waters Wilderness v. Thomas, 53 F.3d 881, 884 (8th Cir. 1995). After careful consideration, we reverse the order of the district court denying attorney's fees to the Pattersons, and we remand the case for further proceedings consistent with this opinion.

I.

In this circuit, the position of the government was "substantially justified," <u>see</u> 28 U.S.C. § 2412(d)(1)(A), under the Equal Access to Justice Act, <u>see</u> 28 U.S.C. § 2412, if that position "was '<u>clearly</u> <u>reasonable</u>, well founded in law and fact, solid though not necessarily correct.' " <u>Friends</u>, 53 F.3d at 885, quoting <u>United States v. 1,378.65 Acres of Land</u>, 794 F.2d 1313, 1318 (8th Cir. 1986) (emphasis in <u>Friends</u>); <u>see</u> <u>also</u> <u>Pierce</u>, 487 U.S. at 565, 566 n.2. We have examined multiple cases in which our court has reversed as an abuse of discretion a district court's ruling that the government's position was substantially justified (and thus that an award of fees to a prevailing opposite party should be denied).

Some such reversals have occurred in circumstances in which a statute was unambiguous but the government construed it in a way that was both "contrary to the proper definition," <u>Friends</u>, 53 F.3d at 884, and "contrary to existing law," <u>id.</u> at 885. See <u>id.</u> at 886; <u>see</u> <u>also</u> <u>Moseanko v. Yeutter</u>, 944 F.2d 418, 428-29 (8th Cir. 1991). Other reversals have occurred in instances in which the government admitted that it "failed to follow established precedent" on the amount of investigation required and then asked for permission to reconsider a disability claim, <u>Koss v. Sullivan</u>, 982 F.2d 1226, 1229 (8th Cir. 1993), <u>see</u> <u>also</u> <u>Gamber v. Bowen</u>, 823 F.2d 242, 245 (8th Cir. 1987), and <u>Granville House, Inc. v. Department of Health, Education, and Welfare</u>, 813 F.2d 881, 884 (8th Cir. 1987), and when only the slightest factual evidence supported the government's position with respect to a disability claim, even that evidence did not directly contradict the claimant's evidence, and the government "disregarded the overwhelming evidence in the record" supporting the claimant, <u>Gowen v. Bowen</u>, 855 F.2d 613, 616 (8th Cir. 1988), <u>see</u> <u>also</u> <u>Bailey v. Bowen</u>, 827 F.2d 368, 371 (8th Cir. 1987), <u>Wheat v. Heckler</u>, 763 F.2d 1025, 1031 (8th Cir. 1985), and <u>Cornella v. Schweiker</u>, 728 F.2d 978, 984 (8th Cir. 1984). <u>See</u> <u>also</u> <u>Derickson Company, Inc. v. National Labor Relations Board</u>, 774 F.2d 229, 233-35 (8th Cir. 1985).

## II.

In the Pattersons' case, the government originally argued that the 1976 deed gave notice that the government asserted a right adverse to what became the Pattersons' land and therefore that the limitations period expired before the Pattersons brought their suit. The government also argued that the release language in the 1976 deed specifically conveyed away any easement rights across the federal land. We believe that these arguments were clearly not " 'well founded in law,' " Friends, 53 F.3d at 885, quoting 1,378.65 Acres, 794 F.2d at 1318, and thus that the government's initial litigating posture was not substantially justified.

On remand, furthermore, the Pattersons presented evidence that what became their land had been inaccessible since 1976, except by crossing the federal land or adjacent property owned by others. The government never rebutted or even disputed that evidence but insisted that the Pattersons had to acquire their access from the owners of those adjacent parcels, presumably by purchase or by the use of Ark. Code Ann. § 27-66-401, which authorizes the creation of a private road on another's land under certain circumstances. See also Ark. Code Ann. § 27-66-402 through § 27-66-404.

As the district court noted following the bench trial, however, because the Hall family once owned both the federal land and what became the Pattersons' land, the Pattersons, under the common law of Arkansas, were plainly entitled to an easement by necessity across the federal land. See, e.g., Powell v. Miller, 785 S.W.2d 37, 38-39 (Ark. Ct. App. 1990); see also Burdess v. United States, 553 F. Supp. 646, 649-50, 652 (E.D. Ark. 1982), and Riffle v. Worthen, 939 S.W.2d 294, 298 (Ark. 1997). The law of Arkansas, moreover, does not require the Pattersons to resort to the procedures under state statute, see Ark. Code Ann. § 27-66-401 through § 27-66-404, to obtain access from the owners of other adjacent parcels. See, e.g., Burdess, 553 F. Supp. at 652-53; see also Powell, 785 S.W.2d at 38-39.

We hold that in light of Arkansas law with respect to easements by necessity and in light of the government's failure to rebut or even to dispute the Pattersons' evidence that what became their land has been inaccessible since 1976, except by crossing property owned by the government or by others, the government's position on remand was substantially justified in neither law nor fact.  See, e.g., Friends, 53 F.3d at 885, and Gowen, 855 F.2d at 616.

## III.

For the reasons stated, therefore, we reverse the district court's order denying attorney's fees to the Pattersons, and we remand the case for further proceedings consistent with this opinion.


A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.