# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

——————————

No. 02-1477

——————————

Robert J. Lauer,     *

                   *

        Appellant,     *

                   *    Appeal from the United States

    v.                 *    District Court for the

                   *    District of Minnesota.

Jo Anne B. Barnhart,     *

Commissioner of Social Security,     *

                   *

        Appellee.     *

——————————

Submitted: October 11, 2002

Filed: March 11, 2003

——————————

Before MORRIS SHEPPARD ARNOLD, MAGILL, and BYE, Circuit Judges.

——————————

BYE, Circuit Judge.

After we determined the denial of Robert Lauer's claim for social security disability benefits was not supported by substantial evidence in the record, Lauer v. Apfel, 245 F.3d 700, 706 (8th Cir. 2001), Lauer filed a motion for attorney fees and costs in the district court under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, arguing the government's litigation position was not substantially justified. Citing Patterson v. Buffalo Nat'l River, 144 F.3d 569 (8th Cir. 1998), the district court determined the government's position was substantially justified because it had not

"disregarded overwhelming evidence in the record supporting the claimant." 144 F.3d at 572. We reverse.

The dispositive issue in the first appeal was whether Lauer had the residual functional capacity (RFC) to perform some jobs in the national economy given the two mental impairments — depression and a somatoform disorder — which the administrative law judge (ALJ) found he had. Lauer, 245 F.3d at 703. The ALJ determined Lauer's mental impairments "limited his RFC only by restricting him to brief and superficial contact with the public," id., and posed a hypothetical to the vocational expert based upon that assumption. Id. at 706. Based upon the assumption that Lauer could have brief contact with the public, the vocational expert testified Lauer could perform some jobs in the national economy. The ALJ then denied the claim for disability benefits. Lauer appealed the ALJ's decision to the district court, and the district court affirmed the denial of benefits.

When Lauer appealed to this court, we determined there was no medical evidence to support the ALJ's conclusion that Lauer's mental impairments "limited only the degree to which he was able to interact with the public." Id. at 704. We held that, while the ALJ may have been free to discredit Lauer's treating physicians' opinions that his ability to work was severely limited to nonexistent due to his mental impairments, the ALJ needed at least *some* medical evidence on the other side of the equation before concluding Lauer had a limited ability to interact with the public. Because the record contained no medical evidence for the ALJ to form a proper opinion on the degree to which Lauer's mental impairments allowed him to interact with the public, we reversed the denial of benefits and remanded the case. Id. at 706.

As the party who prevailed on appeal, Lauer requested EAJA fees before the district court on remand. Lauer is entitled to fees unless "the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). "The Secretary bears the burden of proving the denial of benefits was substantially justified." Welter v.

Sullivan, 941 F.2d 674, 676 (8th Cir. 1991) (emphasis added). The standard is whether the Secretary's position is "clearly reasonable, well founded in law *and fact*, solid though not necessarily correct." Friends of Boundary Waters Wilderness v. Thomas, 53 F.3d 881, 885 (8th Cir. 1995) (emphasis added). A district court's order denying fees under the EAJA is reviewed for an abuse of discretion. Id. A district court abuses its discretion when it applies an incorrect legal standard. Smith v. Chem. Leaman Tank Lines, Inc., 285 F.3d 750, 752 (8th Cir. 2002).

In concluding that the Secretary's position was substantially justified, the district court applied an incorrect legal standard. Instead of determining whether the Secretary's position itself was well founded in fact, the district court found the Secretary did not "disregard overwhelming evidence in the record supporting the claimant." For that proposition, the district court cited Patterson, a decision in which we summarized several cases where we reversed a district court's denial of EAJA fees. In one of those decisions, Gowen v. Bowen, 855 F.2d 613 (8th Cir. 1988),we reversed because the government "disregarded the overwhelming evidence in the record" supporting the claimant. 855 F.2d at 616.

The Gowen v. Bowen case was just one of many referred to in Patterson as examples of situations in which the government's position was not well founded in law or fact. We said:

> Some such reversals have occurred in circumstances in which a statute was unambiguous but the government construed it in a way that was both "contrary to the proper definition," Friends, 53 F.3d at 884, and "contrary to existing law," id. at 885. See id. at 886; see also Moseanko v. Yeutter, 944 F.2d 418, 428-29 (8th Cir.1991). Other reversals have occurred in instances in which the government admitted that it "failed to follow established precedent" on the amount of investigation required and then asked for permission to reconsider a disability claim, Koss v. Sullivan, 982 F.2d 1226, 1229 (8th Cir.1993), see also Gamber v. Bowen, 823 F.2d 242, 245 (8th Cir.1987), and Granville House, Inc. v.

-3-

Department of Health, Education, and Welfare, 813 F.2d 881, 884 (8th Cir.1987), and when only the slightest factual evidence supported the government's position with respect to a disability claim, even that evidence did not directly contradict the claimant's evidence, and the government "disregarded the overwhelming evidence in the record" supporting the claimant, Gowen v. Bowen, 855 F.2d 613, 616 (8th Cir.1988), see also Bailey v. Bowen, 827 F.2d 368, 371 (8th Cir.1987), Wheat v. Heckler, 763 F.2d 1025, 1031 (8th Cir.1985), and Cornella v. Schweiker, 728 F.2d 978, 984 (8th Cir.1984).

Patterson, 144 F.3d at 571-72.

Patterson in no way changed the overriding, fundamental principal that the government's position must be well founded in fact to be substantially justified. We determined in the first appeal that the government's position was not supported by any medical evidence on an issue that required medical evidence. A position which lacks any evidence in its support is no more well founded in fact than a position that ignores overwhelming adverse evidence. Thus, the district court erred by denying fees on the grounds the government did not disregard overwhelming evidence set forth by Lauer, before first determining whether the government's position itself was well founded in fact.

In denying fees, the district court also relied in part upon the fact that the government persuaded a circuit court judge of the meritoriousness of its position. See Lauer, 245 F.3d at 706 (Loken, J., dissenting). While we have a great deal of respect for the views of the dissenting judge, the most powerful indicator of the reasonableness of the government's position is the rationale of the court's majority opinion in the first appeal. See, e.g., Friends of Boundary Waters, 53 F.3d at 885 (awarding fees despite the fact that a circuit court judge dissented from the decision on the merits). In the first appeal, we concluded there was no medical evidence to support the claim that Lauer had a limited ability to interact with the public. The

-4-

dissenting opinion does not refer us to any medical evidence in the record that would support the claim that Lauer had a limited ability to interact with the public.

We reverse and remand for an award of EAJA fees and costs[1] in favor of Lauer.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The government did not object to Lauer's request for costs in the district court.