# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 03-3903

————————

Shirley Shontos,                                  *
                                                 *
      Plaintiff-Appellant,            *
                                                 *    Appeal from the United States
    v.                                  *    District Court for the
                                                 *    Southern District of Iowa.
Jo Anne B. Barnhart, Commissioner                *
of Social Security,                              *        [UNPUBLISHED]
                                                 *
      Defendant-Appellee.             *

————————

Submitted: May 13, 2005
Filed:  August 10, 2005

————————

Before MORRIS SHEPPARD ARNOLD, LAY, and MURPHY, Circuit Judges.

————————

PER CURIAM.

In a prior appeal, a panel of this court held that Appellant Shirley Shontos was entitled to Disabled Widow's Benefits. Shontos v. Barnhart, 328 F.3d 418 (8th Cir. 2003). Subsequently, Shontos filed for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The Commissioner of Social Security denied Shontos's request for attorney's fees and the district court affirmed, finding that although Shontos eventually prevailed in her request for Disabled Widow's Benefits, the Commissioner was substantially justified in denying benefits to Shontos.

Shontos is entitled to attorney's fees unless "the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The Commissioner's denial of attorney's fees is substantially justified if the government's decision to deny benefits to Shontos was "*clearly reasonable*, well founded in law and fact, solid though not necessarily correct." S.E.C. v. Kluesner, 834 F.2d 1438, 1440 (8th Cir. 1987) (quoting United States v. 1,378.65 Acres of Land, 794 F.2d 1313, 1318 (8th Cir. 1986)) (emphasis in original). A district court's order affirming the denial of attorney's fees under the EAJA is reviewed for abuse of discretion. Id. at 1439.

"[T]he most powerful indicator of the reasonableness of the government's position is the rationale of the court's majority opinion in the first appeal." Lauer v. Barnhart, 321 F.3d 762, 765 (8th Cir. 2003). In the first appeal, this court reversed the district court because it gave insufficient weight to adverse evidence in the record. Shontos, 328 F.3d at 421-24, 425-27. Although this court ordered that Shontos be awarded disability benefits, the government's decision to deny benefits to Shontos, though incorrect, was reasonable. The government's position was supported by evidence in the record, and at the time the government chose to deny benefits to Shontos, "reasonable people could differ as to [the appropriateness of the contested action]." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (citations omitted); see also Lauer, 321 F.3d at 765 (finding that the government's position lacked "any evidence in its support").

Accordingly, Shontos is not entitled to attorney's fees under the EAJA, and the order of the district court is AFFIRMED.

_____