2010 Ark. App. 377

**William Doug BELL, Appellant**

v.

**Jerry W. HOOFMAN & Shirley F. Hoofman, husband & wife; Erich Prien & Delores Devitt Prien, husband & wife; Paul L. Monzingo & Delores A. Prien, brother & sister; James T. Hendricks & Shirley J. Hendricks, husband & wife; Shirley I. Hoofman, individually & as surviving spouse of Stanley Hoofman, deceased; Virgil Ray Hoofman & Rose Mary Hoofman, husband & wife; Virgil Hoofman & Anna Jane Hoofman, husband & wife; Daniel Brown Hoofman & Helen Hoofman, husband & wife; James R. Williams & Terry K. Williams, husband & wife; Lisa Kay Fagan, a single person; and Charles Porter Daugherty, Appellees.**

No. CA 09–434.

Court of Appeals of Arkansas.

May 5, 2010.

George Frank Carder, III, Searcy, for appellant.

Robert Welton Hudgins, Searcy, for appellees.

JOSEPHINE LINKER HART, Judge.

William Bell brings this appeal from the orders of the White County Circuit Court dismissing his appeal from county court on the basis that it was barred by the doctrines of res judicata and law of the case. We reverse and remand for trial de novo.

In August 2001, appellant[1] filed a petition in White County Court pursuant to Ark.Code Ann. § 27–66–401 (Repl.1994),[2]

---

1. Houston Bell was also listed as a petitioner. It appears that appellant purchased the interest of Houston Bell and became sole owner of his property.

2. Sections 27–66–401 through 27–66–405 were extensively amended in 2009. However, the amended version of the statute did not become effective until July 31, 2009. *See* Op. Ark. Att'y Gen. No. 90 (2009). Because the

asserting that he was landlocked and seeking a road across the lands of Virgil Hoofman. There was no response by Hoofman.

On July 9, 2002, appellant filed another petition in the same county court case against appellees Jerry Hoofman and Shirley Hoofman. The petition again alleged that appellant was without access to his land and sought a road pursuant to section 27–66–401. The Hoofmans filed a motion to dismiss appellant's petition, asserting that after the adoption of Amendment 80 to the Arkansas Constitution, the county court no longer had jurisdiction over road matters. The motion also asserted that appellant failed to comply with the statutory requirements.

The county court conducted a hearing in February 2003. In April 2003, the county court appointed three viewers, and each viewer later filed separate reports stating that appellant was landlocked and that there were two possible ways to access his property. The first route was over the Hoofman property. The second route was over property owned by appellee Erich Prien. The viewers believed that the better route was over Prien's property. On April 23, 2003, the county court issued a letter opinion deciding that appellant was entitled to access his property by a road across Prien's property. The letter opinion bore no file marks. Neither the viewers' reports nor the court's letter opinion addressed the issues of a legal description for the road or the damages to Prien for the taking of his property.

On March 18, 2005, appellant amended his petition in county court, naming several other adjacent land owners as defendants.[3] The petition recounted the history of the litigation up to that point and alleged that no formal order had been entered by the county court and that the newly-named defendants should have an opportunity to be heard on the issue of the route to be chosen.

Several of the adjacent landowners named in the amended petition filed responses stating that they should not be included in the case. Other landowners filed responses seeking to have the petition dismissed on grounds such as failure to state facts upon which relief could be granted or that it was barred by res judicata. On April 22, 2005, the county court entered an order incorporating its April 2003 letter opinion. Appellant timely appealed the decision to circuit court.

In circuit court, appellant filed a petition on appeal that asserted that appellant's property had been in his family since 1919, that his predecessors had obtained access to the property over property owned by Jerry and Shirley Hoofman, that the Hoofmans had denied him access, and that he was therefore landlocked. The petition prayed for an order establishing a private road pursuant to the statutory scheme and for damages. Appellant later amended his petition to assert that he was entitled to a prescriptive easement across the property owned by Jerry and Shirley Hoofman. This amended petition sought a declaratory judgment that appellant was entitled to a prescriptive easement.

On May 25, 2007, the circuit court entered an order dismissing appellant's appeal from county court. The court ruled that the county court order was not final in that it did not include a legal description for the proposed road or an assessment of

amended version was not in effect at the time the circuit court entered its orders from which this appeal arises, we cite to the older version of the statute.

3. Appellant's previous attorney had died in 2004. The amended petition was filed by present counsel.

damages for the land to be taken for the road. The court also found that it was improper of appellant to include a new cause of action for a prescriptive easement. The court, therefore, dismissed that claim. The circuit court later entered an amended order stating that all of appellant's claims were dismissed, including the appeal from county court, the action seeking a declaratory judgment and an injunction, and the prescriptive-easement claim.

After the dismissal in circuit court, appellant returned to county court. He filed an "Amended Petition and Complaint for Declaratory Judgment, Confirmation of Prescriptive Easement, and Mandatory Injunction" on June 12, 2007, with the same docket number as the earlier case. Appellees again filed several motions to dismiss. The basis of the various motions to dismiss was that appellant's petition was barred by res judicata and that the county court lacked jurisdiction to grant a declaratory judgment or a mandatory injunction.

On June 25, 2008, the county court entered a "Final Order" on appellant's petition. The court found that it was not necessary for appellant to obtain a road pursuant to the statutory scheme because he could obtain an easement by necessity in circuit court. The court noted that it would entertain another petition by appellant if the circuit court ruled in a manner that left appellant without access to a public road from his property. Appellant timely appealed to the circuit court on July 21, 2008.

On July 23, 2008, appellant filed a "Petition On Appeal From Final Order" with the circuit court. Several motions to dismiss were filed, all on the basis that the petition was barred by res judicata.

On February 4, 2009, the circuit court entered its order dismissing all of appellant's claims for relief with prejudice. The court found that the parties and issues were substantially similar to the issues that were dismissed by the circuit court in June 2007. On February 23, 2009, the circuit court issued a second order of dismissal in which it made it clear that the basis for the dismissal was the law-of-the-case doctrine and res judicata. This appeal followed.

■■■ We agree with appellant that this case must be reversed and remanded for trial de novo. A case on appeal from a county court to a circuit court is tried de novo by the circuit court as other cases at law. Ark.Code Ann. § 16–67–207 (Repl. 2005); Bowden v. Oates, 248 Ark. 577, 452 S.W.2d 831 (1970). In Batesville v. Ball, 100 Ark. 496, 140 S.W. 712 (1911), the supreme court said:

> When a cause is appealed from the county court to the circuit court, the latter court obtains jurisdiction over the matter to the same extent as if it had been originally brought in that court, and it must proceed to fully try and determine the cause. It does not pass upon the question as to whether or not the county court has committed error in any of its rulings, either of law or of fact, but it must try the cause upon its merits, both of law and of fact, just as if it had been originally brought in the circuit court. It does not either affirm or reverse the findings or judgment of the county court, but tries the cause alone upon its merits, and determines the same by the exercise of its own discretion and judgment.

100 Ark. at 499, 140 S.W. at 714. Thus, the circuit court first erred in dismissing appellant's petition in 2007 on the basis that the county court's order was not final because it did not contain a legal description or address the issue of damages. See Armstrong v. Cook, 243 Ark. 230, 419 S.W.2d 308 (1967).

In the orders currently on appeal, the circuit court based its dismissal of appellant's petition on res judicata and the law of the case because of the circuit court's 2007 dismissal of appellant's earlier appeal from county court. Neither doctrine, however, applies in this case. The doctrine of res judicata bars relitigation of a subsequent suit when (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; (5) both suits involve the same parties or their privies. *Jayel Corp. v. Cochran*, 366 Ark. 175, 234 S.W.3d 278 (2006). The circuit court's 2007 order clearly states that the dismissal was without prejudice and, therefore, was not an adjudication on the merits that would support a plea of res judicata. *Crooked Creek, III, Inc. v. City of Greenwood*, 352 Ark. 465, 101 S.W.3d 829 (2003).

Moreover, the supreme court has specifically held that the doctrine does not apply in proceedings to lay out a private road under Arkansas Code Annotated section 27–66–401 where there is no final adjudication of the matter by a court of competent jurisdiction. *Arkansas Game & Fish Comm'n v. Lindsey*, 299 Ark. 249, 771 S.W.2d 769 (1989). That is the case here. The first final order was the county court's June 2008 order that was timely appealed to the circuit court and, ultimately, this court.

The other basis for the circuit court's decision dismissing appellant's petition and other claims is the doctrine of the law of the case. We dispose of this ruling because the doctrine only applies where there has been an appeal to an *appellate* court. *See Davis v. State*, 325 Ark. 96, 925 S.W.2d 768 (1996); *Parkerson v. Arthur*, 83 Ark. App. 240, 125 S.W.3d 825 (2003).

Section 27–66–401 is not necessarily the only means by which a landlocked landowner may obtain access to his property from a public road. Under the proper circumstances, a right of access could be judicially established pursuant to the common-law doctrines of easement by necessity or easement by implication. *Powell v. Miller*, 30 Ark. App. 157, 785 S.W.2d 37 (1990). Circuit court, not county court, has jurisdiction to make this determination. *Id.*

Finally, regarding the propriety of appellant raising in his appeal to circuit court the issue of whether he may be entitled to an easement by necessity or an easement by implication, we note that the supreme court has approved of this type of new issue being raised in the circuit court proceeding. *Armstrong v. Harrell*, 279 Ark. 24, 648 S.W.2d 450 (1983).[4] Accordingly, the circuit court erred in finding as a matter of law that appellant was barred from raising this issue. We therefore reverse and remand for a determination consistent with this opinion.

Reversed and remanded.

ROBBINS and HENRY, JJ., agree.

4. *Harrell* predated Amendment 80, so the issue was raised in chancery court.