IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 11, 2024 Session

**BEN SMITH ET AL. V. WILLIAM A. WHITE ET AL.**

**Appeal from the Circuit Court for Jackson County**
**No. 2022-CV-14        Michael Wayne Collins, Judge**

_____

**No. M2023-00030-COA-R3-CV**

_____

The appellees sold a portion of their property to the appellants. The appellees sued the appellants seeking an easement by necessity. The appellants maintained that Tenn. Code Ann § 54-14-102 and its associated statutes prohibited such an easement. The trial court granted a common law easement by necessity. We agree with the trial court's determination that the 2020 amendments to Tenn. Code Ann § 54-14-102 and its associated statutes did not change the common law regarding easements by necessity. However, due to the lack of a hearing and the corresponding lack of evidence, the improper use of the trial judge's visit to the property as a fact-finding mission, and the uncertain procedures used to decide the case, we vacate the trial court's order and remand this matter to the trial court for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Vacated and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which W. NEAL MCBRAYER and JEFFREY USMAN, JJ., joined.

Rocklan W. King, III, and Stacia Marie Burns, Nashville, Tennessee, for the appellants, William A. White and Kassidy White.

Robert Luke Chaffin and Seth Bryan Pinson, Cookeville, Tennessee, for the appellees, Ben Smith and Daniel Smith.

**OPINION**

FACTUAL AND PROCEDURAL BACKGROUND

The facts regarding the land transaction between the parties are mostly uncontroverted. On September 23, 2021, Ben and Daniel Smith ("the Smiths" or

"Appellees") purchased approximately 93.74 acres of land from the Ruth Ida Radke Ludwig 2018 Revocable Trust. The property included a home, outbuildings, and an asphalt driveway known as "Ludwig Lane" that was used to access the property from a public roadway, Dyer Cemetery Lane.

On January 28, 2022, the Smiths sold a portion of the property (approximately 70 acres) to Kassidy and William White ("the Whites" or "Appellants"), including the home, outbuildings, and Ludwig Lane (collectively "the White Property). The warranty deed conveying the property to the Whites included a ten-foot utility easement along the east side of Ludwig Lane. There were no other easements conveyed by the warranty deed. The Smiths retained ownership of the remaining, approximately 23-acre tract ("the Smith Property"). The Smith Property is unimproved and abuts Dyer Cemetery Lane; however, the portion of the Smith Property abutting Dyer Cemetery Lane is allegedly "a very steep ridge rising hundreds of feet."

The Smiths filed a Petition for Easement by Necessity and/or for Declaratory Judgment on May 27, 2022. The Smiths averred that Ludwig Lane was "the only access they have for ingress and egress to their property" and that, otherwise, the property was "landlocked." The Whites opposed the petition on the basis that the Smith Property was not "cut off or obstructed entirely from a public road or highway." Tenn. Code Ann § 54-14-102(a)(1).

The Smiths filed a motion requesting the court to inspect the property and driveway in person, arguing that an in-person inspection would help the court "ascertain whether [the Smiths'] property is actually landlocked." The trial court granted the motion for inspection, and the judge and counsel for both parties viewed the property in person. After briefing and without a hearing, by an order dated December 7, 2022, the trial court held that the Smiths were entitled to an easement, reasoning as follows:

> 2. That the easement should only exist by necessity because it will likely cost many more times the total value of the property itself to begin to build a road around the side of the bluff, as required by the layout of the property and orientation of the Petitioners' property to any public access.
>
> 3. That the property of the Petitioners is obstructed by topography as the only part of their property to have access to a public road is on the side of hill/mountain/bluff.
>
> 4. That an easement should exist because of open, obvious, and continued prior use of the current private road which is used by the immediate neighbor of the Petitioners to access their property.

5. That the cost of the easement for the benefit of the Petitioners property would incur nearly no cost of the Respondents.

6. That the situation of these adjoining lots was created at equal fault by both the Petitioners and Respondents.

7. That the Respondents should likewise be granted a utility easement for their benefit across the Respondents' property as the Respondents property is completely cut off from an[y] potential source of city water.

The Whites appeal, raising two issues:

1.  Tennessee law prevents property owners from obtaining an easement by necessity when the property at issue abuts a public right of way. Plaintiffs' property abuts a public right of way. Did the Circuit Court err by granting Plaintiffs an easement by necessity?

2.  Did the Circuit Court err by concluding that Petitioners/Appellees are entitled to an easement implied by prior use based solely on the prior use of the easement area by a different, entirely landlocked property owner?

STANDARD OF REVIEW

Questions of law, including the interpretation of statutes, are reviewed de novo. *First Cmty. Bank, N.A. v. First Tenn. Bank, N.A*., 489 S.W.3d 369, 382 (Tenn. 2015). Findings of fact receive a presumption of correctness unless the evidence preponderates otherwise. TENN. R. APP. P. 13(d).

ANALYSIS

The Smiths maintain, on one hand, that their easement suit proceeded under the common law. The Whites, on the other hand, argue that the Smiths invoked the statutory process found in Tennessee Code Annotated, title 54, chapter 14, part 1 for condemning an easement by necessity and that the 2020 amendments to those code sections alter the common law regarding easements by necessity. The only reference to title 54, chapter 14, part 1 in the Smiths' complaint is in paragraph 6, which states, "Pursuant to T.C.A. 54-14-102, Tennessee land owners cannot be landlocked." The parties' filings before the trial court talk past each other with the Smiths addressing common law easement by necessity while the Whites address statutory easement by necessity. The trial court's order appears to be based on common law necessity, but it is not specific on this point. On remand, there would be benefit in clarifying the basis upon which relief is being sought.

The Whites' other argument requires more consideration. They contend that the 2020 amendments to title 54, chapter 14, part 1 change the common law to make it more restrictive.[1] The legislature has the ability to change or eradicate the common law by statute, but "the existence of a statute in and of itself will not repeal a common law right absent a clear legislative statement expressing an intent to do so." *Cellco P'ship v. Shelby Cnty.*, 172 S.W.3d 574, 591 n.7 (Tenn. Ct. App. 2005).

The elements of a common law easement by necessity are:

1) the titles to the two tracts in question must have been held by one person;

2) the unity of title must have been severed by a conveyance of one of the tracts;

3) the easement must be necessary in order for the owner of the dominant tenement to use his land with the necessity existing both at the time of the severance of title and the time of exercise of the easement.

*Cello P'ship*, 172 S.W.3d at 592(quoting *Powell v. Miller*, 785 S.W.2d 37, 39 (Ark. Ct. App. 1990)). In this case, the existence of the first two elements is not disputed. "The third element, regarding necessity, arises when the conveyance results in the dominant parcel becoming landlocked." *Id*.

Tennessee courts view Tennessee Code Annotated section 54-14-102 and its associated statutes as distinct from the common law easement by necessity because these statutes and the common law have different requirements and procedures. *Id*. at 591 n.7. While these statutes have been referred to as "a statutory easement by necessity," *id.*, they have also been described as "the condemnation of a right-of-way" across another's property. *Boone v. Frazor*, No. 87-177-II, 1988 WL 77542, at *5 (Tenn. Ct. App. July 27, 1988); *see also Bingham v Knipp,* Nos. 11281, 02A01-9803-CH-00083, 1999 WL 86985, at *6 (Tenn. Ct. App. Feb 23, 1999) (Highers and Lillard, JJ., concurring) ("[W]e note that a property owner whose land is cut off from a public road by the intervening land of another has a statutory right to condemn an easement across his neighbor's land."). "Tennessee Code Annotated section 54-14-102 relaxed the common law's requirement that the parties trace their titles to a common grantor." *Boone*, 1888 WL 77542, at *5; *see also Page v. Fuchs*, No. W1999-00702-COA-R3-CV, 2000 WL 791812, at *4 (Tenn. Ct. App. June 6, 2000) ("A statutory easement by necessity does not require unity of title."). Its associated statutes require joinder of all parties with an interest in the land, a full description of the

---

[1] Among other things, 2020 Tenn. Pub. Acts, ch. 703 amends Tenn. Code Ann. § 54-14-102(a) by limiting the easement to cases where the is no outlet, rather than where there is no outlet that is "adequate and convenient," and by adding language constituting Tenn. Code Ann. § 54-14-119 that prohibits the granting of the easement or right of way if it resulted from "the intentional and knowing action of the owner of the surrounded or enclosed land."

property sought and a bond. Tenn. Code Ann. § 54-14-103. If the court's ruling is for the petitioner, the court issues a writ of inquiry of damages and a jury of view is created hear testimony and to set the bounds and assess damages for the land taken. Tenn. Code Ann. §§ 54-14-104(a),-105, -107, -108. Thus, the statutory method set forth in title 54, chapter 14, part 1 differed from the common law before the 2020 amendments. Creating further differences does not change the common law of easements by necessity in the absence of a clear expression of intent. *See Cellco P'ship*, 172 S.W.3d at 591 n.7. There being no such expression, we find that the 2020 amendments did not affect or change the common law of easements by necessity.

There is no transcript of the evidence or statement of the facts in the record. In such instances, appellate courts often invoke the presumption that the judge's findings would be supported by the transcript if there was one. *See Outdoor Mgmt., LLC v. Thomas*, 249 S.W.3d 368, 377 (Tenn. Ct. App. 2007). However, in this case, there was no hearing from which the judge could make findings of fact. There is an order requiring the parties to file briefs with the court on the issue of easement by necessity. The Whites' brief discusses the standard for summary judgment, but the record contains no summary judgment motions. The Smiths' brief does not mention summary judgment, but does state that the trial court ordered the briefing on agreement of the parties. The agreement is not found in the record. There is no statement of material facts as required by Tenn. R. Civ. P. 56.03 in the record. The trial court's order does not mention summary judgment and does not state the legal grounds upon which it ruled as required by Tenn. R. Civ. P. 56.04.

The trial court's order granting the easement by necessity states that the court made its ruling "after submission of briefs and case law by the parties, inspection of the property by the Judge with the parties' attorneys, and the record as a whole." Again, there was no hearing and no testimony. Attached to the Whites' brief is the 2020 act amending portions of title 54, chapter 14, part 1 and a legislative bill summary that states, "This bill also limits the right to the easement to cases where there is no outlet, instead of no outlet that is "adequate or convenient."[2] We have already determined that the 2020 amendments do not apply to the common law easement of necessity. Attached to the Smiths' brief are the relevant deeds, and surveys, and the Smiths' responses to the Whites' first set of interrogatories and request for production of documents. They emphasize the interrogatory responses that state that both parties knew that the Smiths intended to keep an easement over Ludwig Lane (Interrogatory 5 and 6), that leaving the easement out of the deed was a mutual mistake (Interrogatory 7), that no road could be built across the ridge because it was too steep (Interrogatory 8), and that one agreement to sell the Smith property had already fallen through because the property was not accessible (Interrogatory 7).

---

[2] Legislative history may be considered where statutory language is ambiguous. *Thurmond v. Mid-Cumberland Infectious Disease Consultants, PLC*., 433 S.W.3d 512, 517 (Tenn. 2014). We do not consider the statutes at issue to be ambiguous.

Statements of fact made in briefs are not evidence. *Reid v. Reid*, 388 S.W.3d 292, 295 (Tenn. Ct. App. 2012). The procedures for summary judgment were not followed in this case, and the trial court's order does not meet the requirements of Tenn. R. Civ. P. 56.04. Furthermore, it is apparent that the trial court used its observations of the property as evidence. This is not permitted:

> [A] trial judge has the inherent discretion to take a view of the site of a property dispute, a crime, an accident, or any other location, where such a view will enable the judge to assess the credibility of witnesses, to resolve conflicting evidence, or to obtain a clearer understanding of the issues. However, the view cannot be made to obtain additional evidence or to replace the requirement that evidence be produced at trial with the judge's personal observations of the site. Thus, the proper purpose of a view is to enable the judge to better understand the evidence that has been presented in court, not as a substitute for such evidence.

*Tarpley v. Hornyak*, 174 S.W.3d 736, 749 (Tenn. Ct. App. 2004).

The trial court also found an easement implied by prior use. The Whites argue that the court's ruling is void because no such claim was made by the Smiths in their petition. The Smiths' appellate brief does not address an easement implied by prior use. Furthermore, the same procedural issues that plague the trial court's determination that there should be an easement by necessity are present as to the determination of an easement implied by prior use.

In light of all of the above, trial court's order is vacated, and the case is remanded for proceedings consistent with this opinion.

CONCLUSION

The judgment of the trial court is vacated and remanded. Costs of this appeal are assessed equally against the Whites and the Smiths, for which execution may issue if necessary.

    /s/ Andy D. Bennett
    ANDY D. BENNETT, JUDGE