# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3495

_____

| | | |
|---|---|---|
| Alexis M. Herman, Secretary of the United States Department of Labor, | * * * | |
| Plaintiff - Appellee, | * * | |
| v. | * * * | Appeal from the United States District Court for the Eastern District of Missouri. |
| Timothy J. Schwent, | * * | |
| Defendant - Appellant, | * | |

_____

Submitted: April 19, 1999
Filed: May 27, 1999

_____

Before BOWMAN, Chief Judge,[1] FAGG, Circuit Judge, and BOGUE,[2] District Judge.

_____

BOWMAN, Chief Judge.

_____

[1]The Honorable Pasco M. Bowman stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the end of the day on April 23, 1999. He has been succeeded by the Honorable Roger L. Wollman.

[2]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

The Secretary of the United States Department of Labor sued Thomas J. Schwent, among others, for alleged violations of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461 (1994). The District Court granted judgment against Schwent, and Schwent appealed. In Herman v. Mercantile Bank, N.A., 137 F.3d 584 (8th Cir. 1998), this Court reversed and ordered the District Court to dismiss the Secretary's claims against Schwent.

The Secretary's claims having been dismissed, Schwent applied pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (1994), for payment of his attorney fees and costs by United States. The District Court granted Schwent's application for costs but denied his application for attorney fees after determining the Secretary's position in the litigation was substantially justified. Schwent appeals. We reverse.

I.

As Mercantile Bank describes in greater detail, Schwent was a vice-president of Lenco, Inc. and the administrator and trustee of Lenco's health plan. Jerry Ford purchased Lenco in 1986, relying in part on funds borrowed from Marine Midland Bank (Midland Bank). Seeking to ensure repayment of its loan, Midland Bank established a financing arrangement that ultimately caused Lenco to suffer serious cash-flow shortages.

When cash-flow shortages occurred, Ford elected to pay certain operating expenses instead of funding Lenco's health plan fully. Lenco continued to pay medical claims, but payments for most claims filed between November 1986 and March 1988 were delayed several months. (Lenco switched to another health-insurance plan in March 1988 and remained current in its payment of claims filed under this second plan.) When Lenco entered bankruptcy on June 20, 1989, approximately $143,166 in claims had not been paid.

The Secretary subsequently filed suit against Schwent and other Lenco officers, claiming in part that Schwent had breached his fiduciary duty to the health plan. Before trial, the Secretary knew that Schwent frequently had demanded additional funds for the health plan and twice had induced Ford to make personal loans to pay delinquent medical claims. The Secretary also knew that Schwent's efforts had caused Lenco to pay almost ninety percent of all medical claims filed between November 1986 and March 1988, and that Schwent had convinced Ford and Lenco to change plans in March 1988 to protect health-plan beneficiaries' rights. Nevertheless, the Secretary took the case to trial and there asserted that Schwent had breached his fiduciary duty by failing to sue Lenco when it deprived its employees' health plan of funds.

The District Court agreed with the Secretary's position. It entered judgment in her favor, awarding the Secretary $137,770.41 in damages (the amount of unpaid claims not satisfied by Lenco's bankruptcy estate) and enjoining Schwent from serving in the future as an ERISA plan administrator.

Schwent appealed to this Court. In Mercantile Bank, we determined that the circumstances of this case required the Secretary to prove that, if Schwent had sued Lenco, the lawsuit would have been successful and provided benefit to the plan. The Secretary offered no evidence supporting this conclusion. See Mercantile Bank, 137 F.3d at 587. We also determined that a prudent plan administrator in Schwent's position would not have sued Lenco because a lawsuit and the accompanying publicity only would have harmed Lenco and the plan beneficiaries. See generally id. at 588. In light of these two determinations, this Court concluded that the District Court "clearly erred in finding a lawsuit would have been prudent and successful in decreasing the amount of unpaid medical claims." Id. at 587. We reversed and ordered the District Court to enter judgment in Schwent's favor, dismissing the Secretary's case against him. See id. at 588. The District Court did so.

After the District Court dismissed the Secretary's claims against him, Schwent applied under EAJA for the United States to pay $54,290.42 in attorney fees and $867.30 in costs. The District Court awarded Schwent costs, but denied his application for attorney fees after determining the Secretary's position in the litigation was substantially justified. See Herman v. Schwent, No. 1:91CV00011ERW, slip op. at 5 (E.D. Mo. Aug. 25, 1998) (Memorandum and Order denying attorney fees) [hereinafter Order Denying Attorney Fees]. Schwent now appeals the denial of his application for attorney fees.

## II.

EAJA allows most parties who prevail against the United States in civil litigation to recover costs. See 28 U.S.C. § 2412(a) (1994). EAJA also allows those parties to recover attorney fees and some litigation expenses if the Government fails to prove that its position in the litigation "was substantially justified or that special circumstances make an award unjust." Id. § 2412(d)(1)(A); see also Friends of the Boundary Waters Wilderness v. Thomas, 53 F.3d 881, 885 (8th Cir. 1995) (stating the Government bears the burden of proving its position was substantially justified). The Government proves its position was substantially justified by showing the position was "'justified in substance or in the main'--that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). The position must have a "reasonable basis both in law and fact." Id. Once a district court has determined that the Government has proved its position was substantially justified, this Court reviews for abuse of discretion. See Patterson v. Buffalo Nat'l River, 144 F.3d 569, 571 (8th Cir. 1998).

This Court previously has stated that the Government's ability to convince federal judges of the reasonableness of its position, even if the judges' and Government's position is ultimately rejected in a final decision on the merits, is "the most powerful indicator of the reasonableness of an ultimately rejected position."

Friends, 53 F.3d at 885.  Following this principle, the District Court relied to a large degree on the order and judgment we reversed in Mercantile Bank to find the Secretary's position was substantially justified.[3]  The District Court determined the Secretary's position that Schwent had breached his fiduciary duty was not "plainly contrary to existing law." Order Denying Attorney Fees at 6 (quoting Friends, 53 F.3d at 885).  Rather, the Government reasonably believed Diduck v. Kaszycki & Sons Contractors, Inc., 874 F.2d 912, 916-17 (2d Cir. 1989), supported the position that Schwent had breached his fiduciary duty by failing to sue Lenco.  See Order Denying Attorney Fees at 6.  The District Court also found substantial justification for the Secretary's position in the facts of the case.  According to the District Court, there was evidence from which the Secretary could reasonably believe that Schwent had failed even to consider filing a suit against Lenco.  See id. at 7-8.  The District Court also found that the Secretary reasonably countered Schwent's arguments that suing Lenco clearly was imprudent or futile.  See id. at 8-9.

The District Court did not abuse its discretion when it determined that the Secretary reasonably could have believed her position was supported by the applicable law.  But the District Court did abuse its discretion when it concluded the Secretary's position was substantially justified on the basis of facts and arguments we rejected in Mercantile Bank as clearly erroneous and unsupported by the record.  In Mercantile Bank, this Court determined that the District Court's finding that Schwent failed even to consider filing suit against Lenco was clearly erroneous.  All the evidence in the record instead pointed one way: Schwent did not file suit because, having thought about the issue, he realized a lawsuit would harm, not help, the plan and its beneficiaries.  See Mercantile Bank, 137 F.3d at 588.  Further, in Mercantile Bank we found several reasons for rejecting the Secretary's arguments that Schwent's filing of a lawsuit would have been reasonable, including: (1) the absence of evidence supporting the Secretary's

---

[3]The judge who denied Schwent's application for the recovery of costs and fees was not the original trial judge.

claim that filing a lawsuit would have benefitted the plan or its beneficiaries; (2) evidence that Lenco's financial difficulties and debt structure would have made a lawsuit futile; (3) evidence that Lenco filed for bankruptcy before a lawsuit could have produced additional funds to pay medical claims; (4) evidence that Schwent, by demanding additional funds from Ford and by convincing Ford to make personal loans to the health plan, had consistently decreased the number and amount of delinquent medical claims; (5) evidence that the a lawsuit filed by the health-plan administrator would have caused healthcare providers to deny treatment for plan beneficiaries or require that beneficiaries pay for all treatments with cash; and (6) evidence that the filing of a lawsuit by Schwent, a Lenco corporate officer, would have harmed Lenco's relationships with its customers and suppliers, thus undermining Lenco's chances of remaining financially viable. See id. at 587-88.

Neither in Mercantile Bank nor in the present litigation has the Secretary offered evidence refuting any of these reasons or showing the basis for her belief that a prudent plan administrator would have filed suit despite its obvious futility. In the absence of such a showing, the Secretary has failed to carry her burden of proving she was "justified in substance or in the main," see Pierce, 487 U.S. at 565, when she pursued this litigation against Schwent.

III.

Schwent made reasonable, prudent, and largely successful efforts to obtain as much funding as possible for Lenco's health plan. He then successfully defended his actions against the Secretary's baseless claims that he should have done something more. The resulting situation is one EAJA was designed to prevent: an individual's suffering financial ruin because he had to defend himself against the Government's unjustified lawsuit. In these circumstances, we conclude the District Court abused its discretion in denying Schwent's application for attorney fees. The District Court's order

denying Schwent's application for attorney fees is reversed, and the case is remanded to the District Court for the awarding of fees.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.