# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2639

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Q International Courier, Inc., sued as | * | Appeal from the United States |
| Quick International Courier, Inc.; | * | District Court for the District |
| | * | of Minnesota. |
| Defendant-Appellant, | * | |
| | * | [UNPUBLISHED] |
| Robert Mitzman; Dominique Brown; | * | |
| Vincent Farella; Precision Mailers, Inc.; | * | |
| Gregg Smith, | * | |
| | * | |
| Defendants. | * | |

_____

Submitted:  May 8, 2000

Filed:  May 18, 2000

_____

Before WOLLMAN, Chief Judge, FAGG and MURPHY, Circuit Judges.

_____

PER CURIAM.

Q International Courier, Inc. (Quick) and one of its clients engaged in a mailing scheme in which mail originating in the United States was sent in bulk to Barbados, stamped with less expensive Barbados postage, and remailed to the United States as

First Class mail. The United States sued Quick on behalf of the Postal Service claiming the remail scheme was illegal and seeking damages and penalties under the False Claims Act (FCA), 31 U.S.C. §§ 3729-3731. Quick counterclaimed against the Postal Service for unfair competition and publishing false statements under the Lanham Act, 15 U.S.C. § 1125(a). The district court granted summary judgment to Quick on the FCA claim, finding the Government had failed to show Quick had an obligation to pay United States postage on the remail. The district court granted summary judgment to the Government on the Lanham Act counterclaim, finding the Government immune to a Lanham Act suit because the waiver of sovereign immunity in the Postal Reorganization Act (PRA) was limited to state law tort claims waived in the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 et seq. On appeal, this court upheld the FCA summary judgment award, but reversed the Lanham Act summary judgment award, concluding that "[n]othing in [the PRA] suggests that it intended to forbid recovery against the Postal Service for tort claims that are beyond the reach of the Federal Tort Claims Act." United States v. Q Int'l Courier, Inc., 131 F.3d 770, 775 (8th Cir. 1997). As the prevailing party, Quick moved for attorney fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (1994), which the district court denied because it found the Government's position in the underlying litigation substantially justified. Quick appeals and we affirm.

Quick contends the district court abused its discretion in denying fees and costs. We disagree. The Government is not liable for fees and costs if its position in the litigation "'was substantially justified or [] special circumstances make an award unjust.'" Herman v. Schwent, 177 F.3d 1063, 1065 (8th Cir. 1999) (citation omitted). The special circumstances exception is intended to protect the Government when it attempts to enforce the law by asserting "novel but credible extensions and interpretations of the law." United States Dep't of Labor v. Rapid Robert's Inc., 130 F.3d 345, 347 (8th Cir. 1997). Because the Government's FCA argument was a credible extension and interpretation of the phrase "obligation to pay or transmit money or property to the Government" under 31 U.S.C. § 3729(a)(7), and because the

Government's defense to the Lanham Act claim was a credible interpretation of the limits of sovereign immunity under the PRA, we conclude an award of fees and costs would be unjust.  We thus affirm the district court's denial of Quick's motion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.