# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1775

_____

Christine C. Conklin,     *
             *
   Appellant,     *
             * Appeal from the United States
             * District Court for the
  v.          * Southern District of Iowa.
             *
Michael J. Astrue, Commissioner *
of Social Security Administration, * [UNPUBLISHED]
             *
   Appellee.     *

_____

Submitted: November 13, 2007
Filed: June 19, 2008

_____

Before WOLLMAN, JOHN R. GIBSON, and BENTON, Circuit Judges.

_____

PER CURIAM.

  Following our remand for further proceedings in Christine C. Conklin's appeal from the district court's judgment affirming the denial of her application for social security benefits, Conklin v. Barnhart, 206 Fed. Appx. 633 (8th Cir. 2006), Conklin's counsel filed an application for attorneys fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

It is from the district court's[1] order denying that application on the ground that the government's position was substantially justified that Conklin now appeals. We affirm.

Our reversal of the denial of benefits was grounded on our conclusion that the administrative law judge (ALJ) had failed to include in the hypothetical question that he posed to the vocational expert the uncontradicted assessment by Conklin's treating physician regarding Conklin's inability to engage in repetitive bending or climbing. In all other respects, we found no fault in the ALJ's assessment and treatment of the evidence or in the position taken by the government in support of its resistence to the claim for benefits.

We review for abuse of discretion the district court's determination whether the government's position was substantially justified. See, e.g., Pierce v. Underwood, 487 U.S. 552, 565 (1988); Lauer v. Barnhart, 321 F.3d 762, 764 (2003); Herman v. Schwent, 177 F.3d 1063, 1065 (8th Cir. 1999).

It is the government's burden to prove that its position was substantially justified. Herman, 177 F.3d at 1065. It can accomplish this by showing that the position was "justified in substance or in the main– that is, justified to a degree that could satisfy a reasonable person." Pierce, 487 U.S. at 565 (internal quotation omitted). To warrant such a characterization, the position must have "reasonable basis both in law and fact." Id. See also, Herman, 177 F.3d at 1065.

We conclude that the district court did not abuse its discretion in finding that, when viewed in the light of the foregoing standard, the government's position was substantially justified. In so holding, we note that, unlike the situation that existed in

---

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

Lauer, there was some medical evidence in this case in support of the government's argument that Conklin's physical limitations and the extent of her pain were not so severe as she claimed. Unlike Gowen v. Bowen, 855 F.2d 613 (8th Cir. 1988), this is not a case in which the government disregarded overwhelming evidence in support of the claim for benefits. That we ultimately held that the ALJ was incorrect in not taking the treating physician's assessment into account when formulating the hypothetical question does not necessarily mean that the government's position to the contrary was unreasonable in light of the entirety of the evidence in the record. See Pierce, 487 U.S. at 566 n.2.

The order is affirmed.

_____