# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1502

_____

Christine C. Conklin,     *
    *
       Appellant,     *
    *    Appeal from the United States
    v.     *    District Court for the
    *    Southern District of Iowa.
Jo Anne B. Barnhart, Commissioner     *      [UNPUBLISHED]
of Social Security Administration,     *
    *
       Appellee.     *

_____

Submitted: September 26, 2006
Filed: November 21, 2006

_____

Before WOLLMAN, BRIGHT, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Christine Conklin appeals from the district court's judgment affirming the denial of her application for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.* We reverse and remand for further proceedings.

**I.**

Christine Conklin was born in 1958 and has a high school education. She has worked as a pre-school assistant and as a receptionist. On or about July 23, 2001, Conklin was a passenger on a bus that collided with another vehicle, causing Conklin to fall from her seat. After the accident, she reported to Genesis Medical Center with complaints of pain in her tailbone. Pain in other areas, such as her legs and neck, developed over a two-year period. During this time period, Conklin saw several doctors, including Dr. Sayed Haque and Dr. John Dooley. In October 2001, Conklin underwent an MRI, which revealed a mild degenerative disc disease. From January 2002 to August 2003, Dr. Dooley saw Conklin several times. He performed a discectomy, a provocative discogram, and two epidural steroid injections. Conklin left her receptionist job in August 2002.

Conklin applied for disability benefits on August 26, 2002. At the administrative hearing, Conklin testified that she has difficulty standing for longer than twenty minutes at a time and that she can sit for only about fifteen or twenty minutes before the pain requires her to switch positions. She testified further that she needs to lie down for half an hour about five or six times a day to alleviate the pain. She takes Ibuprofen three times a day for the pain, but reported that it makes her groggy. She stated that she does little housework and spends her days trying to manage her pain.

The record contains a medical assessment by Dr. Dooley stating that Conklin's degenerative disc disease prevents her from lifting heavy objects, climbing stairs, or engaging in repetitive bending. He further opines that she can sit for one hour only and requires a ten-minute break at the end of this hour. In connection with the hearing, Conklin was also seen by Dr. Paul Hartmann. Dr. Hartmann evaluated Conklin and concluded that she can lift no more than ten pounds, can stand no longer than two hours in an eight-hour work day, is limited in her ability to reach, and must

alternate between sitting and standing. He also assessed various environmental restrictions and limitations on her ability to kneel, crouch, flex, and crawl.

The Administrative Law Judge (ALJ) did not credit Conklin's claim that she needed to lie down several times a day, stating that Conklin's characterization of her pain is "so extreme as to appear implausible." A.R. 22. The ALJ afforded significant weight to the opinion of Dr. Dooley, but very little weight to the opinion of Dr. Hartmann. In his hypothetical, the ALJ asked the vocational expert (VE) to "assume [Conklin] can lift and carry 10 pounds occasionally and frequently. She can stand and walk twenty minutes at a time and sit for twenty minutes at a time. She requires an at will sit/stand option and she can complete an eight hour day in that manner." A.R. 363-64. The hypothetical did not include the limitations on bending or climbing assessed by Dr. Dooley. Nor did it include a requirement that Conklin be permitted to lie down several times a day. The VE testified that, given the limitations described in the hypothetical, Conklin could not return to her work as a child care assistant, but could perform work as a receptionist. In response to a question from Conklin's counsel whether Conklin could work as a receptionist if the hypothetical included a requirement that she be able to lie down two to three times a day for half an hour on an unscheduled basis, the VE responded that there would be probably no work in the national economy available under those limitations. The ALJ denied Conklin's application for benefits, a decision that was upheld by the Appeals Council and, as set forth above, affirmed by the district court.

## II.

We review *de novo* the decision of the district court upholding the denial of social security benefits. Fredrickson v. Barnhart, 359 F.3d 972, 976 (8th Cir. 2004). We will affirm the denial if the ALJ's findings are supported by substantial evidence. Id. Substantial evidence is less than a preponderance, but enough that a reasonable person would find it sufficient to support the decision. Id. We evaluate the record as

a whole and consider both the evidence supporting the decision as well as the evidence which detracts from it. Id. We will not reverse, however, even if we would have decided the case differently. Id.

Conklin argues that the ALJ improperly discounted her claim that she needs to lie down five to six times a day for half an hour to relieve her pain. We disagree. Her claim is not corroborated by objective medical evidence and must therefore be examined in light of the factors outlined in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). In evaluating a claimant's subjective account of her symptoms, the ALJ should examine: (1) the plaintiff's daily activities; (2) the duration, frequency and intensity of the pain; (3) the dosage, effectiveness and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions. Polaski, 739 F.2d at 1322. Although an ALJ may not disregard a claimant's subjective complaints solely because they are not corroborated by objective medical evidence, the ALJ may properly discount medically unsupported accounts of symptoms if the record as a whole reveals inconsistencies. Fredrickson, 359 F.3d at 976. We will uphold an ALJ's credibility determination provided it is explained and supported adequately. Choate v. Barnhart, 457 F.3d 865, 871 (8th Cir. 2006).

The ALJ's credibility determination is both explained adequately and well supported by the record. We note first that Conklin manages her pain through the use of over-the-counter medications rather than more potent prescription painkillers. Although a person suffering from disabling pain might not take prescription painkillers for a variety of reasons, such as concern for side effects or lack of access to medical care, a claimant's unexplained reliance on over-the-counter pain medication tends to belie allegations of debilitating pain. See Harris v. Barnhart, 356 F.3d 926, 930 (8th Cir. 2004) (determining that claimant's use of nonprescription pain medication is inconsistent with allegation of disabling pain and rejecting an unsupported argument that claimant relied on these medications because she could not afford nonprescription painkillers); Jeffery v. Secretary of Health & Human Services,

849 F.2d 1129, 1133 (8th Cir. 1988) (holding that because claimant's preference for nonprescription pain medication was adequately explained, her reliance on nonprescription medication did not undermine allegations of pain). Here, Conklin does not provide any reasons for her reliance on Ibuprofen and, as the ALJ noted, "the treatment records do not reflect that [pain] medication more potent than Ibuprofen or aspirin has been prescribed or even suggested subsequent to September 2001."[1] A.R. 23. Conklin's unexplained reliance on Ibuprofen permits the inference that Ibuprofen suffices to manage her pain. The ALJ properly concluded that Conklin's use of Ibuprofen for pain management undermined her claim of disabling pain.

Further supporting the ALJ's credibility determination is the fact that two of Conklin's doctors commented on her pending lawsuit against the bus company. Dr. Haque's report stated that Conklin's complaint of pain was out of proportion to the results of the MRI and remarked that Conklin had filed suit against the bus company. Dr. Dooley observed that Conklin declined chiropractic treatment because her lawyer told her that he would not continue representing her if she pursued chiropractic care. The ALJ properly considered this evidence that Conklin "may have embellished or exaggerated her symptoms for purposes of secondary gain." A.R. 22.

Finally, the ALJ found that Conklin had made various inconsistent statements concerning both her physical condition and the bus accident which caused her injuries. Conklin contests some of the contradictions found by the ALJ and attempts to minimize others. We believe that at least some of the contradictions found by the ALJ could, in conjunction with other evidence in the record, inform his credibility determination. For example, Conklin told Dr. Hartmann that she was yelling and screaming when she was being transported to Genesis Medical Center for evaluation. The treatment records, by contrast, do not indicate that she was in any acute distress.

---

[1]Conklin told Dr. Hartmann that Dr. Haque offered her pain medication, but she declined. It is not clear when Dr. Haque made this offer or why Conklin declined.

The inconsistencies in the record support the ALJ's conclusion that Conklin was exaggerating her some of her symptoms.

Conklin claims next that the hypothetical question posed to the VE was inadequate because it did not fully reflect the opinions of Dr. Hartmann or Dr. Dooley. Specifically, she claims that the ALJ improperly discounted the opinion of Dr. Hartmann and that the hypothetical should have reflected Dr. Dooley's opinion that Conklin cannot engage in repetitive bending or climb stairs. We generally afford controlling weight to the opinion of a claimant's treating physician. See Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2004). A treating physician's opinion is not automatically entitled to this weight, however, and may be discounted or even disregarded if it is conclusory, unsupported by acceptable medical data, or inconsistent with the substantial medical evidence in the record. Id. at 805-06. The opinion of a consulting physician who has seen a claimant only once, on the other hand, is afforded far less weight. See Cantrell v. Apfel, 231 F.3d 1104, 1107 (8th Cir. 2000) (noting that the report of a consulting physician who sees the claimant once generally does not rise to the level of substantial evidence).

The ALJ permissibly discounted the opinion of Dr. Hartmann, who was not a treating physician, saw Conklin only once, and did not offer any definitive diagnoses. In these circumstances, the ALJ reasonably afforded little weight to Dr. Hartmann's opinion. Moreover, the ALJ found that Dr. Hartmann's assessment appears to rely heavily on Conklin's own statements regarding her physical condition. Given the fact that the ALJ had already properly discounted Conklin's subjective claims, the ALJ did not err in discounting a medical assessment relying on them.[2]

---

[2]The ALJ discounted Dr. Hartmann's assessment also because the ALJ considered it inconsistent with the opinion of the treating physician, Dr. Dooley. We disagree with this determination and therefore do not rely upon it in upholding the ALJ's otherwise reasonable conclusions regarding Dr. Hartmann.

By contrast, Dr. Dooley's opinion that Conklin is unable to engage in repetitive bending and cannot climb stairs is entitled to controlling weight and should have been reflected in the hypothetical. Dr. Dooley saw Conklin a number of times and performed various procedures on her, including a provocative discogram and a percutaneous discectomy. Dr. Dooley opined that Conklin's condition "would prevent her from lifting anything heavy, or repetitive bending, climbing on stairs whatsoever, or any prolonged sitting that would require continuous sitting without breaks for longer than an hour." A.R. 179. The ALJ found that Dr. Dooley's opinion is "well-supported by the objective evidence as well as the other substantial evidence of record." A.R. 23. There is nothing in the record contradicting Dr. Dooley's specific assessments regarding bending or climbing. It is not clear, therefore, why the ALJ failed to include in the hypothetical Dr. Dooley's restrictions on bending or climbing. Dr. Dooley is a treating physician and his well-supported opinion is controlling in its entirety. Accordingly, we reverse the judgment and remand the case for further proceedings, with directions that the hypothetical posed to the VE include all of the limitations assessed by Dr. Dooley.[3]

_____

[3]At oral argument and in a letter filed pursuant to Fed. R. App. P. 28(j), Conklin suggests that we consider her obesity in evaluating her claims. Because the record does not indicate that obesity was argued to the ALJ, however, we decline to consider it here. Cf. Anderson v. Barnhart, 344 F.3d 809, 814 (8th Cir. 2003) (claim of obesity waived on appeal because claimant did not raise or argue any limitation based on obesity to the ALJ).